IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD E. OLIVER,                                    Case No. 6:12-cv-00869-AA
                                                     OPINION AND ORDER
            Plaintiff,

       v.

DELTA FINANCIAL LIQUIDATING
TRUST; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
a Delaware corporation;
OCWEN LOAN SERVICING, LLC, a
Delaware limited liability
company; HSBC BANK USA,
NATIONAL ASSOCIATION, a New
York corporation, as indenture
trustee for RENAISSANCE HOME
EQUITY LOAN TRUST 2006-3;

            Defendants.

_____

Donald E. Oliver
836 S.W. 12th Street
P.O. Box 1471
Redmond, Oregon 97756
     Pro se plaintiff


Page 1 - OPINION AND ORDER

Michael J. Farrell
Thomas W. Purcell
Martin, Bischoff, Templeton, Langslet & Hoffman, LLP
888 S.W. 5th Avenue, Suite 900
Portland, Oregon 97204
    Attorneys for defendants Mortgage Electronic Registration
    Systems, Inc., Ocwen Loan Servicing, LLC, and HSBC Bank USA,
    National Association, as indenture trustee for Renaissance
    Home Equity Loan Trust 2006-3

AIKEN, Chief Judge:

    Defendants Mortgage Electronic Registration Systems, Inc.

("MERS"), Ocwen Loan Servicing, LLC ("Ocwen"), and HSBC Bank USA,

N.A. ("HSBC"), as indenture trustee for the registered noteholders

of Renaissance Home Equity Loan Trust 2006-3 ("Renaissance")[1] move

to dismiss plaintiff Donald Oliver's[2] claim pursuant to Fed. R.

Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  For the reasons set

forth below, defendants' motion is granted.

### BACKGROUND[3]

    In 2000, plaintiff purchased a residential property

("Property"), in Redmond, Oregon, pursuant to a warranty deed.  On

---

[1] Sued erroneously as "HSBC Bank USA, National Association,
as indenture trustee for Renaissance Home Equity Loan Trust 2006-
3."

[2] Plaintiff asserts that he is proceeding pro se, yet he has
been practicing law since 1982 and is an active member of the
Oregon State Bar.  Since he has had the benefit of his own legal
counsel, plaintiff's pleadings will not be held to the "less
stringent standards" afforded to pro se litigants.  Florer v.
Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th
Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012).

[3] All background information is taken from plaintiff's
complaint.

Page 2 - OPINION AND ORDER

September 9, 2006, plaintiff took out a loan from Fidelity Mortgage ("Fidelity"), a division of Delta Funding Corporation, to refinance the Property.  Pursuant to this transaction, plaintiff executed a promissory note ("Note") in favor of Fidelity.  The Note was secured by a deed of trust ("DOT"), which lists MERS as the nominee and beneficiary, and Fidelity as the lender.  The DOT was duly recorded in Deschutes County, Oregon.

Shortly after the Note was executed, Ocwen was instated as the servicer of plaintiff's loan.  Plaintiff has furnished the requisite monthly repayments due under the Note to Ocwen since that time; accordingly, plaintiff is not in default and defendants have not initiated any foreclosure proceedings or otherwise attempted to enforce their security interest in the Property.

Plaintiff was "advised" that the "Lender" effectuated sales or transfers of its interest in the DOT.  In addition, on September 28, 2006, Fidelity transferred its beneficial interest in the Note and DOT to Renaissance, a Real Estate Mortgage Investment Conduit ("REMIC").  Thereafter, HSBC became the indenture trustee for Renaissance.  The REMIC is governed by a series of agreements known collectively as the Pooling and Servicing Agreement ("PSA"), which in turn lists Renaissance REIT Investment Corporation as the Seller, Renaissance Mortgage Acceptance Corporation as the Purchaser, and Delta Funding Corporation as the Originator.  No assignments of the DOT reflecting these transfers were recorded in

Page 3 - OPINION AND ORDER

the official records of Deschutes County.

In December 2007, Delta Funding Corporation filed a petition for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware.[4]   Delta Financial Liquidating Trust ("Delta")[5] was appointed by the Bankruptcy Court as the sole holder of any and all assets or other interests of Delta Financial Corporation and its subsidiaries.  On December 20, 2011, the Bankruptcy Court entered an order in a proceeding in which Delta, Ocwen, Bank of America, N.A., Wells Fargo, N.A., The Bank of New York Mellon, and HSBC were listed as defendants; under the order, the "Mortgage Loan Files," which contained documentation relating to certain mortgage loans that were securitized and placed into trusts, were transferred from the "debtors" to Ocwen and neither the "debtors" nor Delta retained any interest in these files.[6]

On April 9, 2012, plaintiff filed a complaint in the Deschutes

---

[4] Plaintiff incorporates these proceedings by reference. See Compl. ¶ 10 (citing In re Delta Financial Corp., Case Nos. 07-11880-CSS, 07-11881-CSS, 07-11882-CSS, 07-11883-CSS (Bankr.D.Del. Dec. 17, 2007)).  Further, they are part of the public record and therefore "not subject to reasonable dispute." Fed. R. Evid. 201(b).  As such, the Court considers these documents pursuant to defendants' motion to dismiss.

[5] On July 24, 2012, this Court granted plaintiff's motion for default against Delta pursuant to Fed. R. Civ. P. 55(a).  Thus, Delta is not a party to the present motion.

[6] Plaintiff neither attaches this order to his complaint, nor does he provide any further factual elaboration.  In addition, he failed to include a case number or name for this proceeding.

Page 4 - OPINION AND ORDER

County Circuit Court, alleging "quiet title to residential real property and remove cloud on title."[7]  On May 16, 2012, defendants removed plaintiff's case to this Court, and now move to dismiss.

### STANDARDS

Where the court lacks subject-matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P. 12(b)(1).  A challenge to standing or ripeness is appropriately raised pursuant to Fed. R. Civ. P. 12(b)(1).  Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).  The party who seeks to invoke the subject-matter jurisdiction of the court has the burden of establishing that such jurisdiction exists.  See, e.g., Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  In such instances, the court may hear evidence regarding subject-matter jurisdiction and resolve factual disputes where necessary; however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims."  Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).

---

[7] "[A]n action to remove cloud on title is distinct from an action to quiet title."  Staton v. BAC Home Loans Servicing, L.P., 2012 WL 1624296, *8-10 (D.Or. May 5, 2012) (citation omitted).  Plaintiff nonetheless construes these actions as synonymous and alleges them as a single claim.  Because this claim is expressly raised under Or. Rev. Stat. § 105.605, which governs quiet title actions, the Court construes plaintiff's complaint as solely alleging a claim to quiet title.

Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true.  <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).  Nevertheless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 680-81 (2009).  Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions.  <u>Starr v. Bacca</u>, 652 F.3d 1202, 1216, <u>reh'g en banc denied</u>, 659 F.3d 850 (9th Cir. 2011).

## DISCUSSION

Defendants assert that this Court lacks subject-matter jurisdiction over plaintiff's claim.  Alternatively, defendants contend that plaintiff's claim fails at the pleadings level.

I.   <u>Subject-Matter Jurisdiction</u>

Plaintiff asserts that he is entitled to quiet title because "there is no entity that has a cognizable and/or legally-enforceable security interest in the [Property]."  Compl. ¶ 19.

Specifically, plaintiff alleges that Fidelity no longer possesses an interest in the Note or DOT because it "has, in effect, ceased to exist as a business entity"; likewise, Renaissance has no interest in the Note or DOT because the transfer from Fidelity to Renaissance did not comply with the PSA, which also violated 26 U.S.C. § 860G.[8]  Id.  In addition, plaintiff argues that defendants' actions violated Or. Rev. Stat. § 86.735 because they failed to publicly record all transfers of the DOT.  As a result, plaintiff contends that "there is no entity that has either the authority or any legal duty to execute a full conveyance of the security interest created by the [DOT] if plaintiff were to either continue making payments under the terms of the [Note] until the obligation is fully satisfied in November of 2036 or try to pay off the amount claimed to be due at some earlier date."  Id. at ¶ 20.

A.  Preliminary Matter

There are a number of legal and factual misconceptions in plaintiff's complaint that must be clarified prior to reaching the merits of defendants' motion.  First, under Oregon law, a transfer of the promissory note automatically transfers the trust deed.  See Niday v. GMAC Mortg., LLC, 2012 WL 2915520, *9 (Or.App. July 18, 2012) (citations omitted); James v. Recontrust Co., 2012 WL 653871,

_____

[8] As defendants note, plaintiff's reliance on the Internal Revenue Code, 26 U.S.C. § 860A-G, is misplaced.  This statute does not create a private right of action but rather regulates the taxation of REMIC trusts.  In other words, the provisions of the Internal Revenue Code do not impact the validity of the DOT.

*19-21 (D.Or. Feb. 29, 2012).  Because the trust deed follows the promissory note, Renaissance acquired the DOT at the same time it acquired Fidelity's beneficial interest in the Note in 2006. Further, contrary to plaintiff's assertion, defendants were not required to record this transfer in order to gain a security interest in the Property. Branson v. Recontrust Co., N.A., 2012 WL 1473395, *4 (D.Or. Apr. 26, 2012) ("Oregon law does not require the note's transfer to be recorded").

This is especially true because the Oregon Trust Deed Act ("OTDA"), and specifically the recording requirements set forth in Or. Rev. Stat. § 86.735(1), is irrelevant, as defendants have not commenced a non-judicial foreclosure.  Moreover, "assignments of the trust deed need only be recorded prior to the non-judicial foreclosure and not concurrent to when they actually occur." Vettrus v. Bank of America, N.A., 2012 WL 2905167, *3 (D.Or. July 13, 2012) (citations omitted).  As such, the fact that defendants have not yet recorded every transfer of the DOT does not bear adversely on their ability to claim ownership over the Note or DOT.

Second, because defendants could enforce the Note without being subject to the OTDA, MERS' designation as beneficiary in the DOT is also irrelevant.  See Memmott v. OneWest Bank, FSB, 2011 WL 1560985, *11 (D.Or. Feb. 9), adopted as modified, 2011 WL 1559298 (D.Or. Apr. 25, 2011) (noting the three ways to enforce a security interest, only one of which involves non-judicial foreclosure under

the OTDA); <u>see also</u> <u>Crowden v. Fed. Nat'l Mortg. Assoc.</u>, 2011 WL 6740741, *9 (D.Or. Dec. 22, 2011) (MERS' designation as nominee and beneficiary in the trust deed "does not mean the non-judicial foreclosure proceedings necessarily violate Oregon law").  In any event, Oregon law does not recognize a cause of action for wrongful attempted foreclosure; by extension, plaintiff cannot sustain a claim for potentially wrongful non-judicial foreclosure based on MERS' role as beneficiary.  <u>See</u> <u>Hartley v. Fed. Nat'l Mortg. Ass'n</u>, 2012 WL 775679, *3 (D.Or. Mar. 5, 2012).

Third, filing for Chapter 11 bankruptcy does not make an entity cease to exist.  Unlike Chapter 7, Chapter 11 bankruptcy allows a debtor to enter into an agreement with creditors under which all or a part of the business continues.  <u>See</u> 11 U.S.C. §§ 1101 et seq.  Accordingly, Fidelity's Chapter 11 bankruptcy does not necessarily effect its existence as a business entity.[9]  Even if it did, it does not logically follow that there is no entity with an ownership interest in plaintiff's Note or DOT.  <u>See, e.g.</u>, <u>Logan v. Tiegs</u>, 2008 WL 4482405, *1 (D.Or. Oct. 1, 2008) (Chapter 11 reorganization does not destroy an entity's assets, but rather involves the transfer or sale of these assets in order to satisfy

---

[9] The Court notes that Renaissance is a subsidiary of Delta Financial Corporation and therefore was a party to the bankruptcy proceedings.  <u>See</u> <u>In re Delta Financial Corp.</u>, Case No. 07-11883-CSS, Chapter 11 Plan at 17-20 (Bankr.D.Del. Sept. 15, 2008). Yet, as plaintiff acknowledges, Renaissance continues to exist as a business entity.

the debts owed to certain creditors).

Finally, plaintiff is not a party to the PSA or an investor in the REMIC trust.  It is well-settled that a plaintiff lacks standing to enforce the terms of a PSA where he is neither a party to, nor a third party beneficiary of, that agreement.  Graham v. ReconTrust Co., N.A., 2012 WL 1035712, *4 (D.Or. Mar. 27, 2012); Branson, 2012 WL 1473395 at *3; Staton, 2012 WL 1624296 at *8. Further, "numerous courts" have rejected "[t]he argument that parties lose their interest in a loan when it is assigned to a securitization trust or REMIC."  White v. IndyMac Bank, FSB, 2012 WL 966638, *6 (D.Hawaii Mar. 20, 2012) (surveying cases).

Once these misconceptions are resolved, however, plaintiff's complaint fails to articulate a legal basis to remove the DOT from the Property or otherwise allege any wrongful conduct that is redressable by this Court.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (outlining Article III's standing requirements); see also United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004) (the court has an independent duty to establish subject-matter jurisdiction, "whether the parties raised the issue or not").  Thus, this Court lacks subject-matter jurisdiction because plaintiff does not have standing; defendants' motion to dismiss is granted.

    B.   Ripeness

Even assuming that plaintiff's claim was not barred by the

Page 10 - OPINION AND ORDER

considerations set forth above, defendants' motion is granted because plaintiff's claim is unripe.

As part of Article III's case or controversy requirement, the ripeness doctrine prevents the court from overseeing matters that are premature for review because the injury is speculative and may never occur. <u>Western Oil & Gas Ass'n v. Sonoma Cnty.</u>, 905 F.2d 1287, 1290 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1067 (1991) ("[t]he ripeness inquiry asks whether there yet is any need for the court to act"); <u>see also</u> <u>United States v. Braren</u>, 338 F.3d 971, 975 (9th Cir. 2003) (discussing the ripeness doctrine in the context of an action for declaratory relief).  In deciding whether an issue is ripe for review, the court evaluates both the fitness of the issue for judicial review and the hardship on the parties if the court withholds consideration. <u>Standard Ala. Prod. Co. v. Schaible</u>, 874 F.2d 624, 627 (9th Cir. 1989), <u>cert. denied</u>, 495 U.S. 904 (1990) (citation omitted).

Here, even accepting plaintiff's allegations as true, his claim is premised upon a harm that he might suffer in 2036. Specifically, plaintiff argues that he is entitled to a declaration granting him sole title to the Property because, otherwise, <u>if and when</u> he repays the Note in full, the holder of the security interest in the Property <u>may</u> not be able to reconvey that interest to him.  Thus, the alleged harm is contingent upon events that are not certain to occur.

In other words, because plaintiff has not defaulted on his loan, or paid it off in its entirety, there is no current need for this Court to act and plaintiff will not suffer any hardship as a result. See, e.g., Nastrom v. New Century Mortg. Corp., 2012 WL 2090145, *4 (E.D. Cal. June 8, 2012) (unlawful foreclosure claim, based in MERS' designation as beneficiary in the trust deed, was not yet ripe in the absence of any action to enforce the security instrument). While the chain of title for plaintiff's Note and DOT is admittedly convoluted, any decision that this Court could reach based on the speculative events alleged in the complaint would be advisory in nature. These are precisely the circumstances that Article III's ripeness requirement seeks to prevent federal courts from presiding over. For this additional reason, defendants' motion is granted.

II. <u>Failure to State a Claim</u>

Finally, even if subject-matter jurisdiction was not lacking, plaintiff's complaint is dismissed for failure to state a claim. Plaintiff seeks a decree from this Court that he is the sole owner of the Property. Specifically, because defendants neglected to follow the PSA and record all transfers of the DOT, plaintiff asserts that he is entitled to keep the Property free and clear of all encumbrances, and without having to repay the Note.

A claim to quiet title is an equitable action to determine conflicting or adverse claims, interests, or estates in real

property.  See Or. Rev. Stat. § 105.605.  To secure a judgment
quieting title, a plaintiff must establish that he has "a
substantial interest in, or claim to, the disputed property and
that his title is superior to that of defendants." Coussens v.
Stevens, 200 Or.App. 165, 171, 113 P.3d 952 (2005), rev. denied,
340 Or. 18, 128 P.3d 1122 (2006) (citations omitted).  While this
standard "does not require the plaintiff's title to be above
reproach, it does require that [plaintiff] prevail on the strength
of his own title as opposed to the weaknesses of defendants'
title." Id. (citations and internal quotations omitted).

        To satisfy this requirement, plaintiff must expressly allege
that: (1) his title is superior to that of defendants; and (2) "the
subject loan has been satisfied or that plaintiff is ready, willing
and able to tender the full amount owed on the loan." Rigor v.
Freemont Inv. & Loan, 2012 WL 913631, *1 (D.Or. Feb. 13), adopted
by 2012 WL 913566 (D.Or. Mar. 16, 2012); see also Longley v. Wells
Fargo Bank, N.A., 2011 WL 1637334, *3-4 (D.Or. Mar. 29), adopted by
2011 WL 1636934 (D.Or. Apr. 29, 2011).

        Here, plaintiff neglects to allege the superiority of his own
title and instead only attacks defendants' title.  More
importantly, plaintiff does not assert, nor can he, that the Note
has been repaid in full.  Therefore, due to deficiencies in the
pleadings, plaintiff fails to state a claim to quiet title.

        In addition, while not dispositive, plaintiff's requested

Page 13 - OPINION AND ORDER

remedy is inappropriate, even if he did have standing to enforce the PSA. Plaintiff is essentially seeking to expunge his debt as a result of defendants' allegedly wrongful actions. It is undisputed, however, that plaintiff borrowed these funds for his personal benefit and contractually agreed to repay them. Further, as discussed above, satisfaction of the underlying loan is a prerequisite to quieting title. Accordingly, even if plaintiff was somehow able to hold defendants liable under the facts alleged, he would remain responsible for fulfilling his ongoing debt obligation.

## CONCLUSION

Defendants' Motion to Dismiss (doc. 5) is GRANTED. Accordingly, defendants' request for oral argument is DENIED as unnecessary. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 27th day of August 2012.


_____/s/ Ann Aiken_____
                              Ann Aiken
                     United States District Judge


Page 14 - OPINION AND ORDER